UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN CHACE,

    Plaintiff,                                 Case No. 8:24-cv-01692

v.

SEQUIUM ASSET SOLUTIONS, LLC,

    Defendant.

_____/

## COMPLAINT

**NOW COMES** KEVIN CHACE ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of SEQUIUM ASSET SOLUTIONS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Fla. Stat. § 559.55.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's FCCPA state law claim under 28 U.S.C. §1367(a).

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to this claim occurred in the Middle District of Florida, and Defendant regularly conducts business in the Middle District of Florida.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age, residing in Palm Harbor, Florida, within the Middle District of Florida.

6. Plaintiff is a "person" as defined by FDCPA § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. Defendant is a debt collector that engages in the business of collecting defaulted consumer debt asserted to be owed or due to another. Defendant's principal place of business is located at 1130 Northchase Pkwy., Suite 150, Marietta, GA, 30067.

9. Defendant is a "person" as defined by FDCPA § 1692a(3).

10. Defendant acted through its agents, employees, officers, members, directors, vendors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the telephone number ending in 7707.

12. At all times relevant, Plaintiff was financially responsible for his telephone equipment and services.

13. In or around August 2023, Plaintiff experienced unforeseen financial hardship, which resulted in him falling behind on his personal credit account opened prior to the events giving rise to this claim ("subject debt").

14. In around late August 2023, Plaintiff began receiving a high volume of automated pre-recorded collection calls from Defendant demanding payment for the subject debt.

15. In early September 2023, frustrated with the incessant calls, Plaintiff answered a call from Defendant and requested Defendant to stop calling him immediately.

16. Notwithstanding Plaintiff's requests to cease it collection calls, Defendant continued to call Plaintiff on his telephone.

17. On September 20, 2023, Plaintiff answered another call from Defendant and made an additional request that Defendant stop placing calls to his cellular phone.

18. Moreover, on November 21, Plaintiff made yet another attempt to stop Defendant's calls when he answered Defendant for a third time, demanding Defendant cease its collection campaign.

19. Unfortunately, Plaintiff's repeated requests fell on deaf ears as Defendant continued to place numerous telephone calls to Plaintiff in an attempt to collect on the subject debt.

20. Upon belief and the nature of its call system, Defendant placed its calls to Plaintiff's cellular phone using pre-recorded messaging technology, a collection system that is commonly used in the credit collection industry to collect allegedly defaulted debt.

21. Despite Plaintiff notifying Defendant that its collection calls are unwelcomed, Defendant continued to place excessive calls to Plaintiff's telephone using an automated and prerecorded messaging system.

22. Defendant's collections efforts were relentless and objectively unreasonable as Defendant will place unsolicited phone calls to Plaintiff's telephone most days per week.

23. From September 2023, through the present, Defendant placed numerous automated collection calls to Plaintiff's phone using the phone number (727) 250-507. Upon information and belief, Defendant has used additional numbers to place its calls to Plaintiff.

## DAMAGES

24. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, and the wear and tear caused to his telephone.

4

26. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

27. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with his attorney.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff is a "person" as defined by FDCPA § 1692a(3).

29. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30. Defendant is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debt, as it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

31. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. § 1692a(6).

32. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

33. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

5

34. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5) and f through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692c**

35. Plaintiff violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

36. Furthermore, Defendant has relentlessly called Plaintiff dozens of times in the course of one year without his prior consent. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

37. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

   b. **Violations of FDCPA § 1692d**

38. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

39. Defendant violated 15 U.S.C. § 1692d by engaging in abusive, harassing and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment for the subject debt. Moreover, Defendant continued placing harassing

6

collection calls to Plaintiff's cellular phone after Plaintiff put Defendant on notice that its calls were not welcomed.

40. Pursuant to 15 U.S.C. § 1692d(5), a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

41. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring repeatedly and continually in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt, with the intent to annoy, abuse or harass Plaintiff.

42. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be place, numerous harassing phone calls to Plaintiff's cellular phone from May 2023, through the present day.

    a.    **Violations of FDCPA § 1692f**

43. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

44. Defendant violated § 1692f when it used unfair and unconscionable means to collect the subject debt by continuously calling Plaintiff using an auto dialer. Even after Plaintiff requested that the calls stop, Defendant continued to place numerous phone calls to Plaintiff's cellular phone. These tactics employed by Defendant only serve to harass Plaintiff.

45. As an experienced debt collector, Defendant knew or should have known the ramifications of collection on a debt through incessant harassing phone calls to consumers such as Plaintiff.

46. Upon information and belief, Defendant systemically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

47. As pled above, Plaintiff was severely harmed by Defendant's misconduct.

**WHEREFORE**, Plaintiff, KEVIN CHACE, respectfully requests this Honorable Court for the following relief:

 a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

 b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

 c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

 d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

 e. An award any such other relief as this Court deems just and proper.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

48. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

49. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

50. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provision of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.51(1).

51. At all times material hereto, the subject debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

52. Defendant violated section 559.72(7) of the FCCPA through its unlawful conduct.

### a. Violations of the FCCPA § 559.72(7)

53. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

54. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff informed Defendant that its calls were unwelcome. Ignoring Plaintiff's request, Defendant placed numerous calls to Plaintiff's cellular phone. Defendant's incessant prerecorded collection calls were

placed with the specific intent to harass Plaintiff and pressure Plaintiff into making payment on the subject debt when he was financially unable to do so.

55. Plaintiff was harassed and abused by Defendant's incessant collection calls.

**WHEREFORE**, Plaintiff, KEVIN CHACE, respectfully requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: July 17, 2024                                        Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com